**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THADEUS GOODS, (#2007-0050146), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09 C 7406 |
| ) | |
| TOM DART, OFFICER NAVARRO, ) | Judge Rebecca R. Pallmeyer |
| OFFICER GLINSEY, AND DAVID FAGUS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se Plaintiff Thadeus Goods, a pre-trial detainee at the Cook County Jail, filed this lawsuit against Defendants Sheriff Tom Dart, Medical Director of Cermak Health Services David Fagus, and Deputy Sheriff's Officers Navarro and Glinsey (collectively "Defendants") pursuant to 42 U.S.C. § 1983. Pending before the court are Defendants' motions to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motions are granted in part and denied in part.

**FACTUAL HISTORY**

For purposes of evaluating Defendants' motions to dismiss, the facts alleged in Plaintiff's first amended complaint are accepted as true, and the court draws all reasonable inferences in the light most favorable to Plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). The court "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008)).

Plaintiff claims that he was injured when the Cook County Sheriff's Department squad car in which he was traveling was hit by another automobile. The incident occurred on January 15, 2009 at approximately 12:30 p.m. while the squad car was stopped at the intersection of 47th Street

and Kedzie Avenue on the southwest side of Chicago. (Dkt. No. 27 at 3.) Plaintiff was returning from a court appearance in Markham, Illinois, and Defendants Navarro and Glinsey were in the squad car with him. (*Id.*) Plaintiff alleges that because he is a "high profile" inmate, he receives "high priority special transport"—that is, he is driven individually in a squad car to and from court appearances. At the time of the accident, Plaintiff was handcuffed in "double-locks" and was not secured by a seat belt. (*Id.*)

Immediately after the accident, Plaintiff asserts, he told Defendants Navarro and Glinsey that his lower back, legs and head were injured. (*Id.* at 4.) In what Plaintiff calls a conspiracy to deny him medical attention, Navarro and Glinsey did nothing in response to his complaints and failed to report the accident on the Sheriff's radio dispatch. (*Id.* at 4, 7.) On his return to Cook County Jail, Plaintiff asked to go to the Cermak Health Services unit immediately, but this too was refused, as was his further request for medical attention when he was returned to his unit at the Jail. (Plaintiff does not identify the individual(s) who denied these requests, other than Defendants.) (*Id.* at 4.) Plaintiff claims that he unsuccessfully raised the lack of medical attention through the grievance process. (*Id.*) He contends that Sheriff Dart is not meeting his responsibility for insuring that grievances are properly resolved in a timely fashion. (*Id.* at 4-5.)

With respect to Defendant Fagus, Plaintiff alleges that Fagus is responsible for insuring that detainees receive medical attention, but requests for medical services are regularly ignored, medical request forms are often unavailable, and doctors and nurses under Fagus's supervision routinely fail to follow the required procedures for providing medical treatment. (*Id.* at 5.) Plaintiff asserts that his allegations about the recurring failures at the Jail are consistent with findings in a report prepared by the United States Department of Justice. (*Id.* at 4-5.) Plaintiff seeks $250,000 in compensatory damages, $250,000 in punitive damages, and an injunction requiring Cook County Jail officials to bring Jail policies up to federal constitutional standards. (*Id.* at 8.)

**DISCUSSION**

Rule 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the [D]efendant[s] with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 93). "The complaint must actually *suggest* that the [P]laintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

**Claims Against Dart And Fagus In Their Individual Capacity**

Defendants argue, first, that Plaintiff has failed to state a valid claim against Sheriff Dart and Director Fagus in their individual capacities. (Dkt. No. 30 at 2-4; Dkt. No. 35 at 3-5.) Plaintiff's rationale for suing Dart and Fagus is the failure of these Defendants to create and administer policies to prevent his mistreatment. (Dkt. No. 45 at 2-3; Dkt. No. 49 at 3.) An individual is liable under section 1983, however, only if he has had "personal involvement in the alleged constitutional deprivation. . . ." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Zentmyer v. Kendall County,* 220 F.3d 805, 811 (7th Cir. 2000); *Davis v. Zirkelbach*, 149 F.3d 614, 619 (7th Cir. 1998)). Agency principles of *respondeat superior* and vicarious liability do not apply in § 1983 litigation. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008) (citing *Monell v. New York City Dep't Soc. Servs.*, 436 U.S. 658, 691 (1978); *Hosty v. Carter*, 412 F.3d 731, 733 (7th Cir. 2005)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("[P]laintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Supervisors may be held liable for wrongdoing by their subordinates only if there is a showing that they "know about the unconstitutional conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what

3

they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

Plaintiff's amended complaint makes no allegations of personal involvement by either Dart or Fagus in any alleged constitutional violation against Plaintiff. The primary event in this case occurred at 47th Street and Kedzie Avenue in Chicago when Plaintiff was injured in an accident and Defendants Navarro and Glinsey showed deliberate indifference to his safety and resulting medical injuries. As Plaintiff is a pre-trial detainee, the Fourteenth Amendment's due process clause requires correctional officials "to take reasonable measures to guarantee the safety of [detainees], including the provision of adequate medical care." *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Navarro and Glinsey allegedly ignored Plaintiff's complaints of objectively serious medical injuries for no valid reason. *See Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) ("A significant delay in effective medical treatment [ ] may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain."). Dart and Fagus were not at the accident scene, however, and Plaintiff does not allege that they had any knowledge of, or other involvement in, this event. He does not allege that Dart or Fagus were informed of the event when he returned to the Cook County Jail. Nor has he named as a Defendant any individual who personally refused him medical treatment at the Jail.

Plaintiff does argue that there is an ineffective grievance system for raising his medical complaints at the Cook County Jail, but this is insufficient to state a claim against Dart or Fagus in their individual capacities. A supervisory official may learn of a constitutional violation by way of a grievance, and may become personally involved by ignoring such grievances. *See Santiago v. Walls*, 599 F.3d 749, 758-59 (7th Cir. 2010). *See also Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009) (a supervisory official may not conduct, approve, facilitate, condone or otherwise turn a blind eye to a constitutional violation). That said, there is no free-standing constitutional right to an

4

effective prison internal grievance system.  *See Sanchez v. Walker*, No. 09 C 2289, 2010 WL 5313815, at *11 (N.D. Ill. Dec. 17, 2010) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001)).  Plaintiff here alleges that he was unable to obtain timely medical attention through the grievance system.  He does not otherwise offer any allegations that plausibly suggest that Dart or Fagus turned a blind eye to his grievance or otherwise condoned the alleged constitutional violation so as to establish personal involvement.

Plaintiff does suggest that Dart and Fagus have intentionally created an environment at the Jail where medical needs like his go unmet, and that his injuries are therefore ultimately a result of Dart and Fagus's actions.  That theory, however, is unsupported by plausible allegations, as required by *Iqbal*, 129 S. Ct. at 1949, and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff cannot simply allege "bare legal conclusions" or "formulaic recitation of a cause of action's elements," but instead must "plead[] factual content that allows the [c]ourt to draw the reasonable inference that the [Defendants are] liable for the misconduct alleged."  *Bissessur v. Indiana Univ. Bd. of Tr.*, 581 F.3d 599, 602 (7th Cir. 2009) (citations omitted).  Plaintiff's assertion that Dart and Fagus presided over the environment are insufficient to establish individual liability for those Defendants.  Plaintiff's claims against Dart and Fagus in their individual capacity are dismissed.

**<u>Claims Against All Defendants In Their Official Capacity</u>**

Plaintiff also names all Defendants in their official capacities.  Defendants move to dismiss Plaintiff's official capacity claims.  (Dkt. No. 30 at 4-7; Dkt. No. 35 at 5-8.)

A claim against a municipal official in his or her official capacity is, in actuality, a claim against the municipality.  *Minix*, 597 F.3d at 830.  Whether a municipality is liable for constitutional violations by its agents is governed by the *Monell* doctrine.  *See Waters v. City of Chicago*, 580 F.3d 575, 580 (7th Cir. 2009) (citing 436 U.S. 658 (1978)).  As the Seventh Circuit has explained, "[m]isbehaving employees are responsible for their own conduct, [while] 'units of local government are responsible only for their policies rather than misconduct by their workers.'"  *Lewis v. City of*

*Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) (quoting *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2007)).  To establish municipal liability for § 1983 violations under *Monell*, a plaintiff must demonstrate that "the constitutional violation resulted from a municipal policy, custom or practice." *Waters*, 580 F.3d at 580 (citing *Monell*, 436 U.S. at 694).  To do so, plaintiff must show "that his constitutional injury was caused by (1) the enforcement of an express policy of the [municipality], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467-68 (7th Cir. 2007) (citing *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)).

Plaintiff is not required to prove his case at this stage, but his allegations are insufficient to suggest a plausible basis for municipal liability under *Monell*.  He simply sets forth a formulaic recitation that his case is part of a policy of mistreatment at the Jail without offering any facts that support the conclusion that the wrongdoing he has alleges is the product of County custom or practice.  Plaintiff's official capacity claims against all Defendants must be rejected.

**Conspiracy Allegations Against Officers Navarro and Glinsey**

Defendant Officers Navarro and Glinsey next argue that any claims regarding a civil conspiracy should be dismissed, as well.  (Dkt. No. 30 at 7-8; Dkt. No. 35 at 8).  They recognize that Plaintiff claims that they acted in concert by failing to report the alleged accident, failing to generate reports, and participating in a "code of silence" as part of an alleged cover-up of the accident. (Dkt. No. 30 at 7).  The conspiracy allegation is nevertheless inappropriate here because the function of 42 U.S.C. § 1985(3), which punishes conspiracies, is "to permit recovery from a private actor who has conspired with state actors," and there are no private actors in this case. *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009) (citing *Dennis v. Sparks*, 449 U.S. 24 (1980); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)).

As the court understands these allegations, they do not present an independent claim, but

instead elaborate on the alleged constitutional violations by Defendants Navarro and Glinsey. Defendants were responsible for Plaintiff's safety when transporting him to the Jail from court. He was not wearing a seat belt. He was injured in the car crash and Defendants allegedly failed to heed his requests for medical help both at the accident scene and when they returned to the Jail. These allegations plausibly suggest that Defendants failed to provide Plaintiff with medical attention in an attempt to cover up the accident. Defendants' state of mind is a relevant issue, because to establish a deliberate indifference claim, Plaintiff must show that Defendants' conduct was "intentional or reckless conduct, not mere negligence." *Berry*, 604 F.3d at 440 (citations omitted). Defendants' objection to the conspiracy allegations is overruled.

**Claims For Punitive Damages**

Defendants' final argument is that Plaintiff's claims for punitive damages should be dismissed against all Defendants in their official capacity. (Dkt. No. 30 at 8; Dkt. No. 35 at 8). Punitive damages may be recovered against an government official in his individual capacity, but municipalities are not subject to punitive damages in § 1983 suits. *Robinson v. City of Harvey*, 617 F.3d 915, 916 (7th Cir. 2010) (citing *Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981)). Even if Plaintiff were successful in stating claims against Cook County, he would not be entitled to recover punitive damages against it.

## **CONCLUSION**

Defendants' motions to dismiss [30, 35], are granted in part and denied in part. Plaintiff may proceed with his claims against Defendants Officer Navarro and Glinsey in their individual capacity. Plaintiff's individual capacity claims against Defendants Dart and Fagus, and his official capacity claims against all Defendants, are dismissed. Defendants Dart and Fagus are dismissed from this case. Defendants Navarro and Glinsey shall answer the amended complaint on or before April 4, 2011. A telephone status is set for Thursday, April 14, 2011 at 8:30 a.m., the call to be initiated by counsel for Defendants.

ENTER:

Dated: March 8, 2011

_____
REBECCA R. PALLMEYER
UNITED STATES DISTRICT JUDGE